Martha G. Bronitsky
Chapter 13 Standing Trustee
Po Box 5004
Hayward, CA 94540
(510) 266 - 5580

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re

Ursula Rosemarie Runnals

Chapter 13 Case No. 24-40053-CN 13

debtor(s)

**Trustee's Motion to Dismiss Chapter 13 Case for Unreasonable Delay that is Prejudicial to Creditors; Declaration and Notice and Opportunity to Object**

TO DEBTOR(S) AND DEBTOR(S)' ATTORNEY OF RECORD:

Martha G. Bronitsky, Chapter 13 Standing Trustee, files this Motion to Dismiss pursuant to 11 U.S.C. Section 1307(c)(1) upon the debtor(s)' unreasonable delay that is prejudicial to creditors.

1. Failure to propose a Chapter 13 plan that is confirmable. Debtor filed for Chapter 13 relief on 1/16/24. Debtor filed a Chapter 13 Plan on 3/1/24. (Doc 18). Section 2.1 of the proposed plan provides zero payments for zero months. The remainder of the Chapter 13 plan is incomplete. Debtor does not propose to pay any creditors. Debtor's first payment came due 30 days from the filing, February 15, 2024, and is due on the 20th of each month thereafter. Debtor should have made one plan payment as of the date of the motion. Debtor has not demonstrated the ability to fund a plan. Debtor's scheduled J provides negative excess income. (doc 16). If the Debtor cannot afford a plan payment, Debtor cannot be in a Chapter 13 plan. Based on the foregoing, the Chapter 13 Trustee requests dismissal due to unreasonable delay that is prejudicial to estate creditors.

TO AVOID DISMISSAL

Within 21 days of this notice, YOU MUST resolve the issue or file an opposition/request for hearing detailing why the case should not be dismissed stating specific actions you have taken or will take to resolve the issue.

You should contact your attorney immediately to be advised of your legal options.

If you do not timely take action, YOUR CASE MAY BE DISMISSED WITHOUT FURTHER NOTICE OR HEARING.

PURSUANT TO LOCAL BANKRUPTCY RULE 9014-1(b)(3)(A) NOTICE IS HEREBY GIVEN: Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party with 21 days of the mailing of notice; any objection or request for hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position; if there is no timely obejction to the requested relief or a request for hearing, the court may enter an order granting relief by default.

In the event of a timely objection or request for hearing, (either): the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case; or the tentative hearing date, location, and time are "n/a".

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 06, 2024            /s/ Martha G. Bronitsky
                                Signature of Martha G. Bronitsky
                                Chapter 13 Standing Trustee

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the debtor (s), counsel for debtor (s), and if applicable, the creditor, creditor representatives and the registered agent for the creditor by depositing it in the United States mail with first class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Ursula Rosemarie Runnals<br>9 Middle Road<br>Lafayette, CA 94549 | Pro Per<br><br>(Counsel for Debtor) |
| (Debtor(s)) | |
| Date: 3/6/2024 | /s/ Eliemary De Guzman<br>Eliemary De Guzman |